[38 NYS3d 827]

In the Matter of ADAM P. RISSEW, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, August 30, 2016

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 21, 2008. On October 5, 2015, he was convicted, upon his plea of guilty in the United States District Court for the Western District of New York (District Court), of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 USC § 924 (c) (1), a federal felony. Respondent admitted in the corresponding plea agreement that, for an unspecified period of time, he grew marijuana for the purpose of harvest and sale and that, on June 20, 2012, he possessed a handgun in furtherance of that crime. By order entered October 28, 2015, this Court determined that respondent had been convicted of a "serious crime," suspended him on an interim basis, and directed him to show cause why a final order of discipline should not be entered, pursuant to Judiciary Law § 90 (4) (*Matter of Rissew,* 133 AD3d 1271 [2015]). On January 26, 2016, District Court sentenced respondent to incarceration for a term of 60 months, to be followed by a two-year period of supervised release. Respondent thereafter submitted to this Court matters in mitigation and, on May 24, 2016, his counsel appeared before this Court and was heard in mitigation.

We have considered the matters in mitigation submitted by respondent, including his expression of remorse and his statement that he engaged in the misconduct underlying his conviction to finance his addiction to illegal narcotics, for which he has since successfully sought treatment. We have also considered, however, that respondent's misconduct is patently incompatible with the high standards imposed upon members of the bar and, in our view, any sanction other than disbarment would serve to undermine public trust and confidence in the legal profession. Accordingly, we conclude that respondent should be disbarred.

SMITH, J.P., CARNI, DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of disbarment entered.